# JOHN ROOT

V

# LYMAN PAINE.

*Writ of Assistance—Former Adjudication—Parties—Purchase* Pendente
Lite.

Upon a writ of error from a decree awarding a writ of assistance to put
the complainant in possession of lands purchased by him at a master's sale,
it is *held:* That the defendant was not a party to the proceedings leading
to said master's sale and is not bound by the decree therein; and that he was
not, in a legal sense, a purchaser *pendente lite.*

[Opinion filed January 24, 1887.]

In ERROR to the Circuit Court of Henry County; the Hon.
ARTHUR A. SMITH, Judge, presiding.

Messrs. H. BIGELOW and C. DUNHAM, for plaintiff in error.

Mr. J. T. KENWORTHY, for defendant in error.

BAKER, P. J.    The chancery cause locally known as "The
Bishop Hill Colony case" was commenced in the Circuit Court
of Henry County, on the 27th day of July, 1868, and under and
by virtue of certain decrees entered therein, the special master,
in 1879, sold numerous parcels of real estate, including the sev-
eral tracts of land that are the subject of this controversy.
These last mentioned lands were not redeemed from the sale,
and in April, 1881, the master executed a deed to the pur-
chaser, and in July of the same year the latter made a con-
veyance to Lyman M. Paine, defendant in error.

The defendant in error, in 1882, filed in the Circuit Court
his petition for a writ of assistance to put him in possession of
said lands, and made John Root, plaintiff in error, who was
in the actual possession of the premises, defendant to such
petition.    The result of the proceedings upon this position
was that the court decreed the writ of assistance should issue.

The matters that were involved in the "Bishop Hill Colony case" are *res judicata* as to all who were parties to that litigation; and as the time for questioning by writ of error the decrees rendered therein has long since expired, no question of reversing them arises. The propriety of the decrees must now be conclusively presumed in respect to all who were parties to them. A claim is made by plaintiff in error that a writ of assistance does not issue as a matter of right, and that even waiving the question of the jurisdiction of the court in the colony case to render a decree that could affect his rights, the court below should have refused to award the writ on the ground it would be aiding injustice and the accomplishment of a wrong, and should have remitted defendant in error to his remedy in the court of law. In the view we take of the case we deem it unnecessary to determine the contention on this point.

Upon consideration of the facts that appear in the record, we are all of opinion that Root, the plaintiff in error, was not a party to the colony case, and as such bound by the decrees therein; and are also of opinion he was not, in a legal sense, a purchaser *pendente lite* of any of the tracts of land in question.

Our conclusion is that the decree of the Circuit Court, rendered November 14, 1885, in favor of defendant in error and requiring plaintiff in error to surrender possession of the lands, and awarding a writ of assistance and ordering the plaintiff in error to pay costs, was erroneous. That decree is reversed and the cause is remanded, with directions to dismiss the petition of defendant in error and render judgment against him for costs.

*Reversed and remanded.*